IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HARRY O. TURLOFF,<br><br>    Plaintiff,<br><br>v.<br><br>RESTORE MASTER CONTRACTING, LLC,<br><br>    Defendant. | Civil Action No. 5:17-CV-00572 |

### DEFENDANT'S FIRST AMENDED ANSWER, COUNTERCLAIM, AND AFFIRMATIVE DEFENSE

COMES NOW, Defendant Restore Masters Contracting, LLC ("Defendant"), by and through its undersigned counsel, and files its First Amended Answer, Counterclaim, and Affirmative Defense against Plaintiff Harry O. Turloff ("Plaintiff").

### DEFENDANT'S FIRST AMENDED ANSWER

1.  Defendant files this Answer to Plaintiff's Original Petition filed in the 73rd District Court of Bexar County, Texas, Cause No. 2017-CI-09833 as follows:

2.  Defendant admits that the individuals named in ¶¶ 6.0-6.6 acted as agents of Defendant Restore Master Contracting, LLC. Defendant denies any failure to act, denies any misrepresentation, and denies any failure to disclose.

3. Defendant admits that they had a contract with Plaintiff as alleged ¶ 7.0 of Plaintiff's Original Petition. Defendant denies any delays, denies Defendant asked Plaintiff not to cancel the contract, and denies abandoning the project.

4. Defendant admits Plaintiff is a consumer as pled in ¶ 8.0.

5. Defendant admits ¶ 8.1.

6. Defendant denies any DTPA violations as alleged in ¶ 8.2 and ¶ 8.2 (a)-(f).

7. Defendant denies any DTPA violations as alleged in ¶ 8.3 and ¶ 8.3 (a)-(h).

8. Defendant denies any DTPA violations as alleged in ¶ 8.4.

9. Defendant denies causation and damages as alleged in ¶ 8.5.

10. Defendant denies any DTPA violations and DTPA damages as alleged in ¶ 8.6.

11. Defendant denies any DTPA violations as alleged in ¶ 8.7.

12. Defendant does not need to admit or deny ¶ 9.0 or 9.1.

13. Defendant admits ¶ 9.2.

14. Defendant denies Breach of Contract as alleged in ¶ 9.3.

15. Defendant denies ¶ 9.4.

16. Defendant denies ¶ 9.5.

17. Defendant denies Plaintiff incurred damages as alleged in ¶ 10.0.

18. Defendant denies damages but admits to the jurisdictional limits of this Court as pled in ¶ 10.1.

19. Defendant denies additional DTPA damages as alleged in ¶ 11.0.

20. Defendant denies Plaintiff incurred attorney's fees as alleged in ¶ 12.0.

## AFFIRMATIVE DEFENSES

**Mitigation of Damages**

21. Plaintiff had a statutory duty to mitigate its damages.

22. In an action to receive damages or other relief arising out of a construction defect, a contractor is not liable for any percentage of damages caused by the failure of a person other than the contractor or an agent, employee, or subcontractor of the contractor to take reasonable action to mitigate the damages.[1]

23. Plaintiff contracted with Defendant for home repairs on or around June 2, 2016. The alleged events that transpired giving rise to this action occurred in June and July 2016. Plaintiff filed suit on May 30, 2017, nearly a year after the original contract was signed.

24. During this time lapse, Defendant tendered full performance due and Plaintiff failee to tender any of its obligation to pay. Plaintiff also failed to take any steps to mitigate its damages, including hiring another contractor to complete the work and cure any alleged defects. Rather, Plaintiff took no action to cure any alleged defects, if any, and later filed suit against Defendant.

25. Therefore, Defendant is not liable for any percentage of damages caused by Plaintiff's failure to mitigate.

**Comparative Negligence**

26. Plaintiff was comparatively negligent in suffering its alleged damages.

27. Plaintiff inexcusably waited eleven months to bring suit in this matter, without making prior written demand, allowing Plaintiff's damages, if any, to accumulate.

28. As a result, Plaintiff is comparatively negligent.

---

[1] TEX. PROP. CODE. ANN. §27.003(A)(1)(B)(I).

*Defendant's First Amended Answer,*
*Counterclaim, and Affirmative Defenses*                                                    Page **3** of **7**

**Failure to Satisfy Conditions Precedent**

29. Plaintiff failed to pay amounts owed under the Agreement, a condition precedent to Defendant's duty to perform under the Agreement.

30. Because Plaintiff failed to satisfy conditions precedent, to wit, tender full due payment, Defendant had no obligation to tender any warranty repair services.

**Laches**

31. Plaintiff's claim against Defendant is barred by laches.

32. Plaintiff waited nearly one year after the alleged breach to file suit. This delay is inexcusable and therefore, Plaintiff's claim is barred by laches.

## COUNTERCLAIM

33. On or about June 2, 2016, Plaintiff signed a work order ("Agreement") (Exhibit A) with Defendant for repairs to his home due to hail storm damage.[2]

**Breach of Contract**

34. Defendant has tendered full performance under the Agreement and otherwise performed all conditions precedent to Plaintiff's return obligations.

35. On or around July 7, 2016, Plaintiff raised objections to the work already performed, bur never rejected Defendant's tender, cancelled the Agreement, or tendered return performance by making the payment pursuant to the Agreement. Plaintiff alleges that it attempted to contact Defendant to resolve issues regarding the work already performed, Plaintiff judicially admits it had not yet tendered payment pursuant to the Agreement.[3]

---

[2] Complaint at ¶7.
[3] Complaint at ¶7.0 ("…Restore Masters continued its attempts to collect payment from Turloff.").

*Defendant's First Amended Answer,*
*Counterclaim, and Affirmative Defenses*                                                                                      Page **4** of **7**

36. Plaintiff is in breach of the Agreement by failing to tender performance or otherwise satisfy conditions precedent to filing suit on the contract. Specifically, Plaintiff has failed to pay Defendant amounts owed under the Agreement, totaling **$23,673.11**.[4]

37. Defendant has suffered actual damages as a result of Plaintiff's breach of the Agreement, and has incurred attorney's fees and costs of court, all of which are recoverable at law, together with pre-judgment and post-judgment interest.

**Promissory Estoppel**

38. Prior to commencement of the work, Plaintiff made a promise to Defendant that it would pay reasonable compensation for Defendant's services.

39. Defendant, in reliance on Plaintiff's promise, paid out of pocket for all necessary monies to subcontractors to complete the work on Plaintiff's property.

40. Plaintiff enjoys the benefit of the work paid for by Defendant.

41. As such, Plaintiff is estopped from denying his obligation to pay the fair market value of the work paid for and delivered by Defendant.

42. Fair market value of the work performed and delivered at Plaintiff's request is $23,673.11, for which amount Plaintiff is now obligated to Defendant in equity.

**Quantum Meruit**

43. Defendant provided valuable services to Plaintiff by performing repairs on Plaintiff's home.

44. Plaintiff accepted these services.

---

[4] Exhibit A at 6

*Defendant's First Amended Answer,*
*Counterclaim, and Affirmative Defenses* Page **5** of **7**

45. Plaintiff had reasonable notice that Defendant expected compensation for said services.

**Suit on Sworn Account**

46. Plaintiff requested that Defendant perform home repairs at Plaintiff's residence. Plaintiff approved and accepted Defendant's services and became bound to pay for said services, which were priced according to the parties' Agreement.

47. The Agreement consists of invoices and terms that accurately set forth the services Defendant was to provide to Plaintiff, the dates of the performance of the services, the amounts billed to Plaintiff for the services, and Plaintiff's agreement to pay for the services.

48. Defendant performed its services pursuant to the Agreement.

49. The amount charged for Defendant's services under the Agreement was just, and reflected a reasonable and customary price for such services in the relevant marketplace.

50. The principal balance due for Defendant's services is $23,673.11, and remains unpaid to date.

## CONCLUSION AND PRAYER

WHEREFORE, Defendant Restore Masters Contracting, LLC respectfully requests that judgment be entered that Defendant is not liable to Plaintiff in this action, and that all claims against Defendant be dismissed with prejudice. Defendant further requests that this Court grant the following relief:

1) Plaintiff be ordered to pay all amounts owed under the Agreement, totaling $23,673.11.

2) Pre-judgment and post-judgment interest, as allowed by law;

3)  Reasonable attorney's fees;

4)  Costs of court;

5)  All other relief to which Defendant may show it is entitled, at law and in equity.

Dated: December 11, 2017                    Respectfully submitted,

VETHAN LAW FIRM, P.C.

By: /s/ *Diren W. Singhe*
    Diren W. Singhe
    Texas Bar No. 24044135
    Noah D. Lombardo
    Texas Bar No. 24099884
    5307 E Mockingbird Ln
    Dallas, TX 75206
    Tel: (972) 458-2222
    Fax: (713) 526-2230
    dsinghe@vethanlaw.com
    ***Attorneys for Defendant***
    ***Restore Masters***

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct of copy of this instrument was served on all parties, represented through counsel or pro se, through ECF and by email, pursuant to the Federal Rules of Civil Procedure, on this 11th day of December, 2017, as follows:

***Via Fax: (210) 855-6330 and E-mail: amanda@amandaljameslaw.com***
Amanda L. James, Esq.
AMANDA L. JAMES LAW, PLLC
1150 N. Loop 1604 W.
Suite 108-263
San Antonio, Texas 78248

    By: /s/ *Diren W. Singhe*
        Diren W. Singhe